Tina Wolfson, SBN 174806
Robert Ahdoot, SBN 172098
AHDOOT & WOLFSON, PC
10850 Wilshire Boulevard, Suite 370
Los Angeles, California 90024
Telephone: (310) 474-9111
Facsimile: (310) 474-8585

Attorneys for Plaintiff,
SANDRINE CASSIDY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

SACV12   752 JVS(PNBx)

| | |
|---|---|
| SANDRINE CASSIDY, an individual, on her own behalf and on behalf of all others similarly situated, | CASE NO. |
| | **CLASS ACTION** |
| Plaintiff, | **CLASS ACTION COMPLAINT FOR:** |
| vs. | 1. Violations of the Unfair Competition Law, California Business and Professions Code Sections 17200 *et seq.*/Unfair, Unlawful and Deceptive Business Practices; |
| SUNSHINE MAKERS, INC.; and DOES 1-10, inclusive, | |
| Defendants. | 2. Violations of the Unfair Competition Law, California Business and Professions Code Section 17500 *et seq.*/False or Misleading Advertising; |

3. Violations of the Consumers Legal Remedies Act, California Civil Code Sections 1750 *et seq.*;

4. Breach of Express Warranty;

5. Violation of the Magnuson-Moss Warranty Act, 15 U.S.C. Section 2301, *et seq.*;

6. Unjust Enrichment;

**DEMAND FOR JURY TRIAL**

---

CLASS ACTION COMPLAINT

1  Plaintiff Sandrine Cassidy ("Plaintiff") brings this action against Defendant
2  Sunshine Makers, Inc., and Does 1 through 10 (collectively, "Defendant") on behalf
3  of herself and all others similarly situated, and makes the following allegations upon
4  information and belief, except as to her own actions, the investigation of her counsel,
5  and the facts that are a matter of public record:

## PRELIMINARY STATEMENT

7  1.  Plaintiff files this class action on behalf of herself and all others similarly
8  situated to obtain restitution and injunctive relief for the Class, as defined, *infra*, at
9  paragraph 39, from Defendant.

10  2.  Defendant manufactures, markets, and sells cleaning products named
11  "Simple Green Concentrated All-Purpose Cleaner" ("Simple Green Concentrated")
12  and "Simple Green All-Purpose Cleaner Lemon Scent" ("Simple Green Lemon")
13  (collectively, the "Falsely Labeled Cleaners").

14  3.  Through an extensive and comprehensive nationwide marketing
15  campaign, Defendant claims that the Falsely Labeled Cleaners are "non-toxic,"
16  "biodegradable," and "non-hazardous," and packages the Falsely Labeled Cleaners in
17  spray bottles, implying the Falsely Labeled Cleaners can be used at full strength
18  directly from the bottle.

19  4.  Further, Defendant's marketing campaign consistently promulgates the
20  message that using the Falsely Labeled Cleaners for "general, all-purpose" cleaning
21  tasks presents no health risks and is even environmentally-friendly.

22  5.  Additionally, Defendant's marketing campaign consistently states that
23  Defendant has "spent over $3 million to verify [its] safety claims."

24  6.  However, the Falsely Labeled Cleaners contain 2-butoxyethanol, a toxic
25  solvent that absorbs through the skin and damages red blood cells, and alcohol
26  ethoxylate surfactants, which are eye and skin irritants that can also be extremely
27  damaging to aquatic life upon degradation.

28  7.  In addition, even though Defendant sells the Falsely Labeled Cleaners in a

2

1    ready-to-use spray bottle, Defendant's website advises customers to dilute the Falsely

2    Labeled Cleaners with water at a ratio of 1:10 for even the heaviest cleaning tasks

3    (portrayed in a website video).

4         8.    Defendant's representations and omissions are false, misleading, and

5    reasonably likely to deceive the public.

6         9.    Defendant's advertising campaign has been extensive and comprehensive,

7    and Defendant has spent millions of dollars to convey these deceptive messages to

8    consumers throughout the United States, including California.  Defendant conveyed

9    and continues to convey its deceptive claims about the Falsely Labeled Cleaners

10   through a variety of media, in at least two different languages, including point of sale

11   displays, television, magazines, the Internet and on the Falsely Labeled Cleaners'

12   packaging.

13        10.   Defendant's advertising and marketing campaign is designed to cause

14   consumers to buy the Falsely Labeled Cleaners as a result of the deceptive safety and

15   environmentally-friendly messages, and Defendant has succeeded.  As a result of this

16   campaign, Defendant has generated substantial sales of the Falsely Labeled Cleaners.

17        11.   As a result of the misleading messages conveyed through its marketing

18   campaign, Defendant has sold cleaning products that do not perform as advertised, and

19   may cause harm to people who use them and to the environment.  Defendant has

20   enjoyed substantial profits as a result of sales of the Falsely Labeled Cleaners.

21        12.   Plaintiff brings this action on behalf of herself, and other similarly

22   situated consumers who purchased the Falsely Labeled Cleaners, in order to halt the

23   dissemination of this false and misleading advertising message, correct the false and

24   misleading perception Defendant has created in the minds of consumers, and to obtain

25   redress for those who have purchased the Falsely Labeled Cleaners.

26                        **JURISDICTION AND VENUE**

27        13.   The Court has subject matter jurisdiction over this action pursuant to 28

28   U.S.C. § 1332(d)(2), because the proposed class has more than 100 members, the class

                                        3

1  contains at least one member of diverse citizenship from Defendant, and the amount in

2  controversy exceeds $5 million.

3          14.     The Court has personal jurisdiction over Defendant because Defendant's

4  headquarters and principal place of business are in the state of California.  Defendant is

5  authorized to conduct, and conducts, substantial business in California.

6          15.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(a)(1),

7  because Defendant resides in this District, a substantial part of the events and

8  omissions giving rise to this action occurred in this District, and Defendant is

9  headquartered in this District.

10                                    **PARTIES**

11         16.     At all times relevant to this matter, Plaintiff Sandrine Cassidy resided and

12  continues to reside in Los Angeles, California. During the class period, Plaintiff was

13  exposed to and saw Defendant's advertising claims, purchased the Falsely Labeled

14  Cleaners in reliance on these claims, and suffered injury in fact and lost money as a

15  result of the unfair competition described herein.

16         17.     Defendant Sunshine Makers, Inc. is incorporated in the State of California

17  and is headquartered in Huntington Beach, California.  Defendant is registered to do

18  business in the State of California, and does business in the State of California.

19  Defendant sells the Falsely Labeled Cleaners through wholesale distribution at

20  numerous retail outlets throughout California.

21         18.     The true names and capacities, whether individual, corporate, associate or

22  otherwise, of each of the defendants designated as a DOE are unknown to Plaintiff at

23  this time and therefore Plaintiffs sues defendants by such fictitious names.  Plaintiff

24  will ask leave of the Court to amend this Complaint to show the true names and

25  capacities of the DOE defendants when that information has been ascertained.

26  Plaintiff is informed and believes and thereon alleges that each of the defendants

27  designated herein as a DOE is legally responsible in some manner and liable for the

28  events and happenings herein alleged and, in such manner, proximately caused harm to

4

CLASS ACTION COMPLAINT

1  Plaintiff as herein further alleged.

2  **SUBSTANTIVE ALLEGATIONS**

3  **I.    Defendant's Deceptive Marketing Campaign**

4      19.    Defendant designs, manufactures, markets, distributes, and sells the

5  Falsely Labeled Cleaners.

6      20.    According to Defendant, the Falsely Labeled Cleaners are "non-toxic,"

7  "biodegradable," "environmentally-sensitive," and "non-hazardous." These claims are

8  prominently displayed on the products' labeling, as well as throughout Defendant's

9  website:





CLASS ACTION COMPLAINT





### Simple Green® All-Purpose Cleaner

Simple Green® All-Purpose Cleaner





### Lemon Scent Simple Green All-Purpose Cleaner





Walmart
Save money. Live better.

6

CLASS ACTION COMPLAINT



Products













7

CLASS ACTION COMPLAINT

21.     Defendant further purports that these claims are "verified" by vague reference to "over $3 million" spent by Defendant.  However, Defendant fails to explain how it "verified" the allegedly non-toxic and environmentally-sustainable properties of the Falsely Labeled Cleaners.

22.     Defendant consistently makes the above described claims through print ads, signs in stores, point of sale advertising, television advertising, Internet advertising, including www.simplegreen.com and www.youtube.com,[1] and advertisements on internet search engines including Google.

**A.     Defendant's Non-Toxic, Biodegradable Claims.**

23.     Through its marketing campaign and product labeling, Defendant claims that the Falsely Labeled Cleaners are "non-toxic" and "non-hazardous" to humans. *See* pages 5-7 above; also available at

http://www.simplegreen.com/products_all_purpose_cleaner.php;

http://www.simplegreen.com/products_lemon_all_purpose.php.

**B.     Defendant's Claim That Its Representations Are Verified.**

24.     Defendant has bolstered consumer's confidence in these assertions by claiming that "the makers of Simple Green have spent over $3 million to verify the safety claims and unique formulation." *See* pages 6-7 above, also available at, e.g.:

http://www.simplegreen.com/products_all_purpose_cleaner.php.

**C.     Defendant Packages the Falsely Labeled Cleaners In A Ready-To-Use Spray Bottle.**

25.     Defendant packages and sells the Falsely Labeled Cleaners in a ready-for-use spray bottle container and has a video on its website showing a person spraying the cleaners directly on the material to be cleaned.

26.     Despite the spray bottle packaging, Defendant's website advises

---

[1] Any Internet link cited in this Complaint was last visited on May 9, 2012.

8

CLASS ACTION COMPLAINT

customers to significantly dilute the Falsely Labeled Cleaners for even the heaviest cleaning tasks:



NON-TOXIC · CONCENTRATED · BIODEGRADABLE

# All-Purpose Cleaner

USES AND DILUTIONS GUIDE

   

KITCHEN   BATHROOM   HOUSEHOLD   OUTDOOR



**Heavy Cleaning**

1:1 up to 1:10
1:10 = 1 oz.
Simple Green
to 1 cup water.



**Light Cleaning**

1:30 Dilution
1:30 = 1 oz.
Simple Green
to 4 cups water.



**Laundry**
Add 1/4 cup to boost
regular detergent.



**Stains**
1:1 Wet with water,
apply dilution and
launder immediately.

| HEAVY APPLICATIONS | | LIGHT APPLICATIONS | | DID YOU KNOW? |
|---|---|---|---|---|
| BBQ Grills | Garbage Disposals | Adhesive Removal | Floors (Non-Wood) | **Concentrated Simple Green can save you money!** When diluted with water, Simple Green is ready to tackle the toughest cleaning tasks in and around your home. |
| Bathtubs | Grease Filters | Aluminum Siding | Grout | |
| Concrete Floors | Grills | Appliances | Microwave Ovens | |
| Coffee Carafes | Paint Preparation | Bikes and Toys | Motorcycles | |
| Coffee Makers | Range Hoods | Boat Exteriors | Patio Furniture | |
| Conventional Ovens | Stove-tops | Buses/Vans Exteriors | Painted Surfaces | **Simple Green is safer to use around your children and pets.** Simple Green all-purpose cleaner is your non-toxic, safer alternative to toxic household cleaners. |
| Counters | Showers | Cabinets | Polished Marble | |
| Dishwashers | Sinks | Canvas | Pressure Sprayer | |
| Drains | Tires | Campers | Refrigerators | |
| Driveways | Toilets | Car Exteriors, Interiors | Sports and Exercise Equipment | |
| Engines | Tools | Carpet Cleaning* | | |
| Fireplaces | Tool Boxes | Car Wash | Stainless Steel | **Lemon Scent Simple Green** is the same formula as original Simple Green but with a fresh new crisp lemon fragrance. |
| Floor Wax Removal | Utensils | Dashboards* | Tile | |
| Garage Floors | Vents | Fiberglass | Walls | |
| Garbage Containers | Wheels | Finished Wood | Window Blinds | |

For additional cleaning tips, F.A.Q's, dilutions and applications, visit our website www.simplegreen.com and don't forget to sign up for Simple Green's **Healthy Living Newsletter** - your FREE guide to a safer and healthier home!



**NOTE:** Dilutions are approximate. *Do not use on Plastic Instrument Panels, Leather, Suede, Unfinished Wood, Opals or Pearls. For best results, mix dilutions in a clean, empty spray bottle or bucket. Spot test for colorfastness on carpet and fabrics. ©2006 Sunshine Makers, Inc., 800.228.0709.

9

CLASS ACTION COMPLAINT

27.    Furthermore, Defendant fails to prominently display "Concentrated" on the front labeling of Simple Green Lemon, despite advising customers on its website to dilute Simple Green Lemon with water by the same ratio Simple Green Concentrated should be diluted.

28.    On the actual product packaging, Defendant's instructions conflict with those in provided on its website in the Uses and Dilutions Guide, instead indicating that heavy cleaning can be at "Full Strength to 1:10":



10

CLASS ACTION COMPLAINT

**II.    Defendant's Claims Are False And Misleading.**

    **A.    The Falsely Labeled Cleaners Contain Toxic, Non-Biodegradable Ingredients That Are Hazardous To Human Health And The Environment.**

    29.    The Falsely Labeled Cleaners contain ingredients that are toxic, non-biodegradable, hazardous, and damaging to the environment. Defendant's claims to the contrary are false and lack scientific or clinical verification, despite Defendant's claim that it spent "over $3 million to verify" its safety claims regarding the Falsely Labeled Cleaners.

    30.    Pursuant to 16 C.F.R. Section 1500.3 (defining terms relating to hazardous substances), a consumer product is "toxic" if it "has the capacity to produce personal injury or illness to man through ingestion, inhalation, or absorption through any body surface." 16 C.F.R. § 1500.3(b)(5). A consumer product is "hazardous" if it contains a "substance or mixture of substances which is toxic, corrosive, an irritant." 16 C.F.R. § 1500.3(b)(4)(i)(A).

    31.    The Federal Trade Commission has issued specific guidance concerning consumer products that are advertised as "biodegradable" or generally "friendly" or "sensitive" to the environment. These guidelines indicate that:

        a.    "Claims of degradability, biodegradability or photodegradability should be qualified to the extent necessary to avoid consumer deception about: (1) the product or package's ability to degrade in the environment where it is customarily disposed; and (2) the rate and extent of degradation." 16 C.F.R. § 260.7(b).

        b.    "It is deceptive to misrepresent, directly or by implication, that a product, package or service offers a general environmental benefit." 16 C.F.R. § 260.7(a).

    32.    Contrary to Defendant's claims (as discussed above), the Falsely Labeled Cleaners contain at least two ingredients that are known to be toxic and/or non-

11

---

CLASS ACTION COMPLAINT

1    biodegradable, which pose serious health risks to consumers and considerable
2    detriment to the environment.

3        33.    The Falsely Labeled Cleaners contain **2-butoxyethanol**, which is a
4    carcinogenic solvent. 2-butoxyethanol absorbs through the skin and damages red
5    blood cells. Moderate exposure to 2-butoxyethanol also causes irritation to the mucous
6    membranes of the eyes, nose, and throat. Heavier exposures from inhalation,
7    ingestion, or skin absorption can cause hypotension (extremely low blood pressure),
8    metabolic acidosis (high levels of acid production in the body), hemolyses (ruptured
9    red blood cells), pulmonary edema (fluid accumulation in the lungs), organ failure,
10   coma, and even death. The State of California lists 2-butoxyethanol as a hazardous
11   substance. *See* 8 Cal. Code Reg. §339.

12       34.    The Falsely Labeled Cleaners also contain an undefined mixture of
13   **alcohol ethoxylate surfactants**. Alcohol ethoxylates can cause irritation to the skin
14   and eyes in concentrations found in household cleaning products. More controversial
15   is their biodegradation effects, as some alcohol ethoxylates are toxic to aquatic algae,
16   fish, and invertebrates. Nonylphenol, a degradation product of certain alcohol
17   ethoxylates, is toxic to many aquatic organisms.

18       35.    Defendant discloses that the Falsely Labeled Cleaners' ingredients include
19   2-butoxyethanol and ethoxylated alcohol in Material Safety Data Sheets on its website.
20   *See* http://www.simplegreen.com/pdfs/MSDS_EN-US_AllPurposeCleaner.pdf and
21   http://www.simplegreen.com/pdfs/MSDS_EN-US_LemonAllPurposeCleaner.pdf.

22   **B.     The Falsely Labeled Cleaners Should Be Considerably Diluted And**
23   **        Are Not Safe For Use At Full Strength**

24       36.    As indicated in Defendant's "Uses and Dilutions Guide," the Falsely
25   Labeled Cleaners should be diluted with water for even the heaviest cleaning tasks at a
26   ratio of at least 1:1 (one part cleaner to one part water) and up to 1:10. *See* page 9; also
27   available at: http://www.simplegreen.com/pdfs/06_dilutions_consumer.pdf.

28       37.    Defendant has reaped millions of dollars in profits by leading consumers

1  to believe that the Falsely Labeled Cleaners are safe, environmentally-friendly, and

2  ready for use at full strength from the spray bottle.  Consumers would not have paid

3  the prices they did for, or would not have purchased at all, the Falsely Labeled

4  Cleaners, had they known the truth:  that the Falsely Labeled Cleaners contain toxic,

5  non-biodegradable, hazardous ingredients that can cause serious health problems and

6  harm the environment.

7  ### CLASS ACTION ALLEGATIONS

8      38.   Plaintiff incorporates herein by reference each substantive former

9  paragraph of this complaint as if set forth fully herein.

10      39.   Plaintiff seeks relief in her individual capacity and seeks to represent a

11  class consisting of all others who are similarly situated.  Pursuant to Fed. R. Civ. P.

12  23(a) and (b)(2) and/or (b)(3), Plaintiff seeks certification of a class initially defined as

13  follows: All persons who purchased the Falsely Labeled Cleaners in the United States

14  (the "Class"), from May 9, 2008, until the final disposition of this case (the "Class

15  Period").  Excluded from the Class are Defendant and its subsidiaries and affiliates,

16  Defendant's executives, board members, legal counsel, and their immediate families.

17      40.   Plaintiff reserves the right to amend or modify the Class definition with

18  greater specificity or division into subclasses after she has had an opportunity to

19  conduct discovery.

20      41.   Numerosity.  Fed. R. Civ. P. 23(a)(1).  The potential members of the

21  Class as defined are so numerous that joinder of all members is unfeasible and not

22  practicable.  While the precise number of Class members has not been determined at

23  this time, Plaintiff is informed and believes that many thousands or millions of

24  consumers have purchased the Falsely Labeled Cleaners.

25      42.   Commonality.  Fed. R. Civ. P. 23(a)(2) and (b)(3).  There are questions of

26  law and fact common to the Class, which predominate over any questions affecting

27  only individual Class members.  These common questions of law and fact include,

28  without limitation:

CLASS ACTION COMPLAINT

a.   Whether Defendant falsely and/or misleadingly misrepresented the Falsely Labeled Cleaners as being "non-toxic";

b.   Whether Defendant falsely and/or misleadingly the Falsely Labeled Cleaners as being "biodegradable";

c.   Whether Defendant failed to adequately disclose that the Falsely Labeled Cleaners require dilution before use;

d.   Whether Defendant's misrepresentations and omissions are likely to deceive reasonable consumers;

e.   Whether Defendant violated California Business and Professions Code § 17500, *et seq.*;

f.   Whether Defendant violated California Business and Professions Code § 17200, *et seq.*;

g.   Whether Defendant violated California Civil Code § 1750, *et seq.*;

h.   Whether Defendant breached its express warranty;

i.   Whether Defendant violated the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, *et seq.*;

j.   Whether Defendant was unjustly enriched; and

k.   The nature of the relief, including equitable relief, to which Plaintiff and the Class members are entitled.

43.   Typicality. Fed. R. Civ. P. 23(a)(3). The claims of Plaintiff are typical of the claims of the Class. Plaintiff and all Class members were exposed to uniform practices and sustained injury arising out of and caused by Defendant's unlawful conduct.

44.   Adequacy of Representation. Fed. R. Civ. P. 23(a)(4). Plaintiff will fairly and adequately represent and protect the interests of the members of the Class. Plaintiff's Counsel is competent and experienced in litigating class actions.

45.   Superiority of Class Action. Fed. R. Civ. P. 23(b)(3). A class action is superior to other available methods for the fair and efficient adjudication of this

14

1   controversy since joinder of all the members of the Class is impracticable.

2   Furthermore, the adjudication of this controversy through a class action will avoid the

3   possibility of inconsistent and potentially conflicting adjudication of the claims

4   asserted herein.  There will be no difficulty in the management of this action as a class

5   action.

6        46.   Injunctive and Declaratory Relief.  Fed. R. Civ. P. 23(b)(2).  Defendant's

7   actions regarding the misrepresentations and omissions on the Falsely Labeled

8   Cleaners are uniform as to members of the Class.  Defendant has acted or refused to

9   act on grounds that apply generally to the Class, so that final injunctive relief or

10  declaratory relief as requested herein is appropriate respecting the Class as a whole.

11  **FIRST CAUSE OF ACTION**

12  **(Violation of Business & Professions Code §17200, *et seq.*/Unfair, Unlawful and**

13  **Deceptive Business Practice)**

14       47.   Plaintiff incorporates herein by reference each substantive former

15  paragraph of this complaint as if set forth fully herein.

16       48.   Plaintiff brings this cause of action on behalf of herself and on behalf of

17  the Class.

18       49.   Plaintiff has suffered injury in fact and lost money or property as a result

19  of Defendant's conduct because she purchased the Falsely Labeled Cleaners.

20       50.   Defendant has engaged in unfair, unlawful, and fraudulent business acts

21  and practices as set forth above.

22       51.   By engaging in the above-described acts and practices, Defendant has

23  committed one or more acts of unfair competition within the meaning of the Unfair

24  Competition Law, Business and Professions Code §17200 *et seq.*, which prohibits any

25  "unlawful," "fraudulent" or "unfair" business act or practice and any false or

26  misleading advertising.

27       52.   Defendant engaged in "unfair" business acts or practices by disseminating

28  a false and/or misleading marketing campaign as described above.  Defendant's false

15

1    and/or misleading advertising and non-disclosure harms consumers, and there is no

2    corresponding benefit to consumers that outweighs this harm.

3         53.    Defendant engaged in "fraudulent" business acts or practices by

4    disseminating a false and/or misleading marketing campaign as described above.

5         54.    Defendant's acts and practices have deceived, and/or are likely to deceive,

6    members of the consuming public.

7         55.    Defendant engaged in "unlawful" acts and practices because its actions as

8    alleged herein violate, at a minimum, Civil Code §§ 1770(a)(5), 1770(a)(7),

9    1770(a)(9), and 1770(a)(16) and Business and Professions Code §17500 *et seq.*

10        56.    Plaintiff relied on Defendant's misrepresentations.

11        57.    Defendant's violation of §17200 continues to this day.  As a direct and

12   proximate result of Defendant's violations, Plaintiff and members of the Class were

13   injured in fact and lost money or property.  Plaintiff has suffered actual damages in

14   that, *inter alia*, she paid money to purchase the Falsely Labeled Cleaners, which she

15   would not have done had Defendant not engaged in the false and misleading

16   advertising campaign.

17        58.    Plaintiff, on behalf of herself and on behalf of each member of the Class,

18   seeks restitution, injunctive relief, and other relief allowed under §17200, *et seq.*

19                     **SECOND CAUSE OF ACTION**

20   **(Violation of Business & Professions Code § 17500 *et seq.*/False or Misleading**

21                              **Advertising)**

22        59.    Plaintiff incorporates herein by reference each substantive former

23   paragraph of this complaint as if set forth fully herein.

24        60.    Plaintiff brings this cause of action on behalf of herself and on behalf of

25   the Class.

26        61.    Defendant has advertised and marketed to the public and offered for sale

27   the Falsely Labeled Cleaners on a nationwide basis, and throughout California.

28        62.    Defendant has engaged in the advertising and marketing alleged herein

                                  16

with intent to directly and indirectly induce the purchase of the Falsely Labeled Cleaners.

63.     Defendant's advertisements, marketing representations, and non-disclosures are false and/or misleading, and likely to deceive the public and/or have deceived the public by falsely representing the characteristics of the Falsely Labeled Cleaners and by failing to disclose the health and environmental safety risks associated with using the Falsely Labeled Cleaners, as set forth more fully above.

64.     In making and disseminating the statements alleged herein, Defendant knew or should have known that the statements were untrue or misleading, and acted in violation of the Business and Professions Code § 17500, *et seq.*

65.     Plaintiff and Class members relied on Defendant's misrepresentations and omissions.

66.     The misrepresentations and non-disclosures by Defendant of the facts detailed above constitute false and misleading advertising and therefore constitute a violation of California Business & Professions Code §17500, *et seq.*

67.     Plaintiff based her decision to purchase the Falsely Labeled Cleaners in substantial part on Defendant's misrepresentations and omitted material facts. Defendant has reaped millions of dollars of revenues through the sale of the Falsely Labeled Cleaners as a result of the false and misleading advertisements, including non-disclosures. Plaintiff and the Class were injured in fact and lost money or property as a result of Defendant's wrongful conduct.

68.     Plaintiff, on behalf of herself and the Class, seeks restitution, injunctive relief and other relief allowable under §17500, *et seq.*

### THIRD CAUSE OF ACTION

**(Violation of Consumer Legal Remedies Act – Civil Code § 1750 *et seq.*)**

69.     Plaintiff incorporates herein by reference each substantive former paragraph of this complaint as if set forth fully herein.

70.     Plaintiff brings this claim individually and on behalf of the Class.

17

CLASS ACTION COMPLAINT

71.     This cause of action is brought pursuant to the Consumers Legal Remedies Act, California Civil Code § 1750, *et seq.* (the "CLRA") because Defendant's actions and conduct described herein constitute transactions that have resulted in the sale or lease of goods or services to consumers.

72.     Plaintiff and each member of the Class are consumers as defined by California Civil Code §1761(d).

73.     The Falsely Labeled Cleaners are goods within the meaning of Civil Code §1761(a).

74.     Defendant violated the CLRA in at least the following respects:

    a.    in violation of  §1770(a)(5), Defendant represented that the Falsely Labeled Cleaners have approval, characteristics, and uses or benefits which they do not have;

    b.    in violation of §1770(a)(7), Defendant represented that the Falsely Labeled Cleaners are of a particular standard, quality or grade, or that the Falsely Labeled Cleaners are of a particular style, or model, when they are of another;

    c.    in violation of §1770(a)(9), Defendant has advertised the Falsely Labeled Cleaners with intent not to sell them as advertised; and

    d.    in violation of §1770(a)(16), Defendant represented that the Falsely Labeled Cleaners have been supplied in accordance with previous representations, when they were not.

75.     Defendant affirmatively represented to consumers that the Falsely Labeled Cleaners are (1) "non-toxic," (2) "biodegradable," (3) "environmentally-sensitive," and (4) "non-hazardous."

76.     Defendant omitted to state that the Falsely Labeled Cleaners contain toxic, hazardous ingredients and that, despite being packaged in a ready-to-use spray bottle, the Falsely Labeled Cleaners should be diluted with water at a 1:10 ratio for even the heaviest cleaning tasks.

18

CLASS ACTION COMPLAINT

77.     This sort of information is relied upon by consumers in making purchasing decisions, and is fundamental to the decision to purchase cleaning products.

78.     Plaintiff relied upon Defendant's misrepresentations to her detriment.

79.     Defendant's misrepresentations constitute unfair, deceptive, and misleading business practices in violation of Civil Code §1770(a).

80.     Defendant's deceptive acts and omissions occurred in the course of selling a consumer product and have occurred continuously through the filing of this Complaint.

81.     On May 10, 2012, Plaintiff notified Defendant in writing by certified mail of the violations alleged herein and demanded that Defendant remedy those violations. A copy of the letter Plaintiff sent to Defendant is attached as Exhibit A.

82.     If Defendant does not remedy the violations alleged herein by June 9, 2012, Plaintiff will amend this complaint to add claims for actual, punitive, and statutory damages pursuant to the CLRA.

## FOURTH CAUSE OF ACTION

### (Breach of Express Warranty)

83.     Plaintiff incorporates herein by reference each substantive former paragraph of this complaint as if set forth fully herein.

84.     Plaintiff brings this claim individually and on behalf of the Class.

85.     Plaintiff, and each member of the Class, formed a contract with Defendant at the time plaintiff and the other members of the Class purchased the Falsely Labeled Cleaners. The terms of that contract include the promises and affirmations of fact made by Defendant on the the Falsely Labeled Cleaners' packaging and through its marketing campaign, as described above. This product packaging and advertising constitutes express warranties, became part of the basis of the bargain, and is part of a standardized contract between Plaintiff and the members of the Class on the one hand, and Defendant on the other.

86.     All conditions precedent to Defendant's liability under this contract have

19

1   been performed by Plaintiff and the Class.

2   87.   Defendant breached the terms of this contract, including the express

3   warranties, with plaintiff and the Class by not providing the cleaning product which

4   would provide the benefits described above.

5   88.   As a result of Defendant's breach of its contract, Plaintiff and the Class

6   have been damaged in the amount of the purchase price of the Falsely Labeled

7   Cleaners they purchased.

8   **FIFTH CAUSE OF ACTION**

9   **(Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, *et seq.* for Breach of Express**

10   **Warranty)**

11   89.   Plaintiff incorporates herein by reference each substantive former

12   paragraph of this complaint as if set forth fully herein.  This claim is brought by

13   Plaintiffs on behalf of themselves and the Class solely for breach of federal law.

14   90.   The MMWA, 15 U.S.C. §§ 2301, *et seq*, creates a private federal cause of

15   action for breach of "written warranty" as defined by the Act.  15 U.S.C. § 2301(6) and

16   § 2310(d)(1).

17   91.   The Falsely Labeled Cleaners are "consumer products" as defined in 15

18   U.S.C. § 2301(1), as they constitute tangible personal property which is distributed in

19   commerce and which is normally used for personal, family or household purposes.

20   92.   Plaintiff and members of the Class are "consumers" as defined in 15

21   U.S.C. § 2301(3), since they are buyers of the Falsely Labeled Cleaners for purposes

22   other than resale.

23   93.   Defendant engaged in the business of making the Falsely Labeled

24   Cleaners available, either directly or indirectly, to consumers such as Plaintiff and the

25   Class.  As such, Defendant is a "supplier" as defined in 15 U.S.C. § 2301(4).

26   94.   Through its labeling, Defendant gave and offered a written warranty to

27   consumers relating to the nature and quality of the ingredients in the Falsely Labeled

28

20

CLASS ACTION COMPLAINT

1    Cleaners.  As a result, Defendant is a "warrantor" within the meaning of 15 U.S.C. §

2    2301(5).

3         95.    Defendant provided a "written warranty" within the meaning of 15 U.S.C.

4    § 2301(6) for the Falsely Labeled Cleaners prominently affirming and promising in

5    writing on the labeling of the Falsely Labeled Cleaners that the Falsely Labeled

6    Cleaners were "non-toxic" and "biodegradable" as described in this Complaint.  These

7    affirmations of fact regarding the nature and qualities of the Falsely Labeled Cleaners

8    constituted, and were intended to convey to purchasers, a written promise that the

9    ingredients in the Falsely Labeled Cleaners labeled "non-toxic" and "biodegradable"

10   were free of a particular type of defect (*i.e.,* that they were not toxic or

11   environmentally hazardous).  As such, these written promises and affirmations were

12   part of the basis of Plaintiff's and Class' bargains with Defendant in purchasing the

13   Falsely Labeled Cleaners.

14        96.    Defendant breached the written warranty to the Class by failing to provide

15   and supply cleaning products that were non-toxic and biodegradable.  Since the Falsely

16   Labeled Cleaners did not have the requisite qualities and character promised by

17   Defendant's written warranty, the Falsely Labeled Cleaners were therefore not defect

18   free, and did not comply with Defendant's obligations under the written warranty to

19   supply "non-toxic" and "biodegradable"  cleaning products to Plaintiff and the Class.

20        97.    Defendant was provided notice and a reasonable opportunity to cure the

21   defects in the Falsely Labeled Cleaners and remedy the harm to Plaintiff and the Class,

22   but failed to do so.

23        98.    Plaintiff and members of the Class were injured by Defendant's failure to

24   comply with their obligations under the written warranty, since Plaintiff and members

25   of the Class paid for a product that did not have the promised qualities and nature, did

26   not receive the non-toxic and biodegradable cleaning products that were promised to

27   them and that they bargained for, and lost the opportunity to purchase and consume

28   other, truly non-toxic and biodegradable cleaning products that would provide the type

21

CLASS ACTION COMPLAINT

1   of non-toxic and biodegradable cleaning materials promised and warranted by

2   Defendant but which the Falsely Labeled Cleaners failed to provide or were incapable

3   of providing.  Plaintiff and the Class therefore for this claim seek and are entitled to

4   recover "damages and other legal and equitable relief" and "costs and expenses

5   (including attorneys' fees based upon actual time expended)" as provided in 15 U.S.C.

6   § 2310(d).

7   **SIXTH CAUSE OF ACTION**

8   **(Unjust Enrichment)**

9   99.    Plaintiff incorporates herein by reference each substantive former

10   paragraph of this complaint as if set forth fully herein.

11   100.   Plaintiff brings this claim individually and on behalf of the Class.

12   101.   Defendant sold the Falsely Labeled Cleaners based on false and

13   misleading advertising, including failure to disclose material facts, as stated more fully

14   above.

15   102.   Defendant has been unjustly enriched by collecting the price of the

16   Falsely Labeled Cleaners, which consumers paid in reliance on Defendant's false and

17   misleading advertising.

18   103.   Plaintiff, on behalf of herself and the Class, seeks restitution of the full

19   price of all of the Falsely Labeled Cleaners purchased by members of the Class.

20   **PRAYER FOR RELIEF**

21   WHEREFORE, Plaintiff, on behalf of herself and Class members, prays for

22   relief as follows:

23   A.      For an order that this action may be maintained as a class action under

24   Rule 23 of the Federal Rules of Civil Procedure, that Plaintiff be appointed Class

25   representative, and that Plaintiff's counsel be appointed as counsel for the Class;

26   B.      For an order requiring Defendant to refund Plaintiff and all Class

27   members for the Falsely Labeled Cleaners;

28

CLASS ACTION COMPLAINT

C.     For an order prohibiting Defendant from engaging in the misconduct described herein;

D.     For an award of attorneys' fees;

E.     For an award of the costs of suit incurred herein, including expert witness fees;

F.     For an award of interest, including prejudgment interest, at the legal rate; and

G.     For such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury of all claims so triable.

Dated:     May 10, 2012          AHDOOT & WOLFSON, PC

By: _____
         Tina Wolfson
         Attorneys for Plaintiff, Sandrine Cassidy

23

CLASS ACTION COMPLAINT

Exhibit A



# AHDOOT & WOLFSON, PC

## ATTORNEYS

May 10, 2012

**VIA CERTIFIED US MAIL**
**RETURN RECEIPT REQUESTED**

CEO Bruce P. FaBrizio
Sunshine Makers, Inc.
15922 Pacific Coast Highway
Huntington Beach, California 92649

    **Re:**  **Sandrine Cassidy v. Sunshine Makers, Inc.**

       **California Consumer Legal Remedies Act Demand**
       **Civil Code Section 1782**

Dear Mr. FaBrizio:

   Please be advised that this firm represents Sandrine Cassidy on behalf of herself and all others similarly situated in an action against Sunshine Makers, Inc. ("Defendant"). This notice is being sent to you pursuant to California Civil Code Section 1782(a)(2).

   Our client seeks to maintain a class action on behalf of all consumers nationwide who purchased Defendant's "Simple Green Concentrated All-Purpose Cleaner" and /or "Simple Green All-Purpose Cleaner Lemon Scent" (hereinafter, the "Falsely Labeled Cleaners"). Our client alleges through this action that the Falsely Labeled Cleaners have been and continue to be marketed with the claim that they are "non-toxic" and/or "biodegradable," and that the Falsely Labeled Cleaners are packaged in spray bottles despite requiring dilution.

   It is alleged that these representations were and are false, and that Defendant knew or should have known at the time it made these representations that they were false. Despite the facts above, Defendant continues to make false and misleading representations in its advertising and packaging of the Falsely Labeled Cleaners.

   These practices constitute violations of California Civil Code Section 1770 in at least the following respects:

Sunshine Makers, Inc.
CEO Bruce FaBrizio
California Civil Code §1782 Demand
May 10, 2012
Page 2

    (a)    in violation of Section 1770(a)(5), Defendant represented that the Falsely Labeled Cleaners have characteristics and benefits that they do not have;

    (b)    in violation of Section 1770(a)(7), Defendant represented that its goods are of a particular standard, quality, or grade, or that its goods are of a particular style or model, when they are of another;

    (c)    in violation of Section 1770(a)(9), Defendant has advertised the Falsely Labeled Cleaners with the intent not to sell these goods as advertised; and

    (d)    in violation of Section 1770(a)(16), Defendant has represented that the Falsely Labeled Cleaners were supplied in accordance with previous representations, when in fact they were was not.

    In light of the foregoing, and pursuant to Civil Code Section 1782(a)(2), it is hereby demanded on behalf of Ms. Cassidy, and all others similarly situated nationwide, that Defendant immediately correct, repair, replace, and otherwise rectify the violations of Civil Code Section 1770, through the following actions: that Defendant cease and desist in making representations regarding the Falsely Labeled Cleaners that are not in fact true, that Defendant engage in a corrective advertising campaign which will alert the public to its misconceptions about the Falsely Labeled Cleaners, and that Defendant refund the purchase price paid for the Falsely Labeled Cleaners, plus interest, costs and fees, to all purchasers of the Falsely Labeled Cleaners.

    Our client's complaint will include claims for injunctive relief, actual damages, punitive damages, and all other damages permitted under the California Consumer Legal Remedies Act unless appropriate correction, repair, replacement, refund, or other remedy is given, or agreed to be given within thirty (30) days after receipt of this notice pursuant to Civil Code Section 1782(b).

    Sincerely,
AHDOOT & WOLFSON, PC

By:  Tina Wolfson

CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| SANDRINE CASSIDY, an individual, on her own behalf and on behalf of all others similarly situated | SUNSHINE MAKERS, INC.; and DOES 1-10, inclusive |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Tina Wolfson, csb#174806 / Robert Ahdoot, csb# 172098<br>AHDOOT & WOLFSON, PC, 10850 Wilshire Blvd. #70 LA CA 90024<br>T: 310-474-9111; F: 310-474-8585 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff  ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant  ☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☑ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☑ Yes  ☐ No  ☑ MONEY DEMANDED IN COMPLAINT: $ To Be Determined

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
California's Unfair Competition Law and Consumer Legal Remedies Act, Breach of Express Warranty, Magnuson-Moss Warranty Act, Unjust Enrichment

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☑ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | REAL PROPERTY | | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 210 Land Condemnation | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | IMMIGRATION | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization Application | | | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 240 Torts to Land | ☐ 463 Habeas Corpus-Alien Detainee | | | FEDERAL TAX SUITS |
| | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | | | | ☐ 871 IRS-Third Party 26 USC 7609 |

SACV12    757

**FOR OFFICE USE ONLY:** Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑No  ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☐ No  ☑Yes
If yes, list case number(s):  Case No. SACV10-00427 AG (ANx) (has been dismissed)

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)  ☑A. Arise from the same or closely related transactions, happenings, or events; or
☑B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐    Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐    Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _T. Wolfee_    Date   5/10/12

**Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

CV-71 (05/08)                              **CIVIL COVER SHEET**                              Page 2 of 2

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge James V. Selna and the assigned discovery Magistrate Judge is Robert N. Block.

The case number on all documents filed with the Court should read as follows:

## SACV12- 757 JVS (RNBx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===========================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] **Western Division** | [X] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

Tina Wolfson, SBN 174806
Robert Ahdoot, SBN 172098
AHDOOT & WOLFSON, PC
10850 Wilshire Boulevard, Suite 370
Los Angeles, California 90024
Tel: 310-474-9111; Fax: 310-474-8585

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRINE CASSIDY, an individual, on her own behalf and on behalf of all other similarly situated, <br><br> PLAINTIFF(S) <br><br> v. <br><br> SUNSHINE MAKERS, INC., and DOES 1-10, inclusive, <br><br> DEFENDANT(S). | CASE NUMBER <br><br> SACV12  752 JVS(RNBx) <br><br><br> **SUMMONS** |

TO:   DEFENDANT(S):

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, _Ahdoot & Wolfson, PC - Tina Wolfson_ , whose address is _10850 Wilshire Boulevard, Suite 370, Los Angeles, California 90024_ . If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

MAY 1 0 2012

Clerk, U.S. District Court

**JULIE PRADO**

Dated: _____

By: _____

Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

CV-01A (10/11)                                     SUMMONS